IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| STEPHEN RICHARDSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-17-1120-M |
| | ) | |
| CHASE BANK USA, N.A., NAVY FEDERAL CREDIT UNION, SYNCHRONY BANK and TINKER FEDERAL CREDIT UNION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant Chase Bank USA, N.A.'s ("Chase") Motion to Dismiss Plaintiff's Claims, filed December 18, 2017. Plaintiff has filed no response.

Plaintiff alleges five claims against Chase arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Chase moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all counts of the Amended Complaint against Chase.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Having carefully reviewed plaintiff's Amended Complaint, the Court finds that plaintiff has not set forth sufficient factual allegations to state any FCRA claims against Chase. Specifically, the Court finds that plaintiff simply makes conclusory allegations regarding Chase's alleged violations of the FCRA. Plaintiff recites the words of the FCRA setting forth Chase's duties and states, in conclusory fashion, that Chase violated those duties. Accordingly, the Court finds that plaintiff's claims against Chase should be dismissed.

The Court, therefore, GRANTS Chase's Motion to Dismiss Plaintiff's Claims [docket no. 28] and DISMISSES plaintiff's claims against Chase.

**IT IS SO ORDERED this 16th day of January, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE