# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN RICHARDSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-17-1120-M ) |
| NAVY FEDERAL CREDIT UNION, SYNCB/CARE CREDIT and TINKER FEDERAL CREDIT UNION, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is defendant Tinker Federal Credit Union's ("TFCU") Motion for Judgment on the Pleadings Against Plaintiff Stephen Richardson, filed February 27, 2018. On March 13, 2018, plaintiff filed his response, and on March 20, 2018, TFCU filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff alleges six claims against TFCU arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). TFCU moves this Court, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings as to all claims against it.

When reviewing a motion for judgment on the pleadings under Rule 12(c), the court applies the same standard that applies to a Rule 12(b)(6) motion. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006). Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

> alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Having carefully reviewed plaintiff's Amended Complaint, the Court finds that plaintiff has not set forth sufficient factual allegations to state any FCRA claims against TFCU. Specifically, the Court finds that plaintiff simply makes conclusory allegations regarding TFCU's alleged violations of the FCRA. Plaintiff recites the words of the FCRA setting forth TFCU's duties and states, in conclusory fashion, that TFCU violated those duties. Accordingly, the Court finds that judgment on the pleadings should be granted as to all claims against TFCU.

Accordingly, the Court GRANTS TFCU's Motion for Judgment on the Pleadings Against Plaintiff Stephen Richardson [docket no. 33].

**IT IS SO ORDERED this 22nd day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE